## Case No. 9,125.

### MARSHALL et al. v. BAZIN.

[7 N. Y. Leg. Obs. 342.]

District Court, S. D. New York. 1849.

JURISDICTION IN ADMIRALTY — CONTRACTS FOR TRANSPORTATION OF PASSENGERS—STATE IMPRISONMENT ACTS — RULES OF SUPREME COURT — ARREST—SECURITY.

1. Libel in personam to recover balance of passage money for which a bill of exchange had been given but not paid. The libellant offers to surrender the bill. Suit sustained. *Held*, That admiralty has jurisdiction of contracts for the transportation of passengers by sea, and which may be exercised both in rem and in personam.

[Cited in McGuire v. The Golden Gate, Case No. 8,815.]

2. The new imprisonment acts of the state of New York, as adopted by the acts of congress of Feb. 28, 1839, and Jan. 14, 1841 (5 Stat. 321, 410), do not apply to process issued out of courts of admiralty.

3. The processes of these courts are subject to the regulation of the supreme court by virtue of the acts of congress of May 8, 1792, c. 2; and rules the supreme court adopted pursuant to those acts are authoritative and conclusive on the subject.

4. Rules 2 and 3 of the supreme court give parties the right to a warrant of arrest, and to the advantage of bail to satisfy the final decree rendered in a cause.

5. The respondent was properly held in custody if the libellant had a subsisting right of action.

6. The prospective operation of the act of 1841 is negatived in this respect by that of 1842.

7. Taking personal security for such demand by promissory note or bill of exchange will be regarded a waiver of the remedy in admiralty and bar proceedings, while such security remains outstanding.

8. Delivering up the security upon the hearing, is a sufficient compliance with the principles of law applicable to the case to prevent the respondent avoiding the action by a preliminary motion.

9. The jurisdiction of the admiralty in personam in matters of contract, has no connection with the question of "lien." The party is proceeded against upon his personal liability by process of arrest or citation.

The respondent with his family, came passengers from Havre, in France, to this port, on board the packet ship ———, owned by the libellants. He contracted to pay two thousand francs for the passage, one half to be paid in advance, and the other half in New York on the arrival of the ship here. The advance was duly paid, and for the balance the respondent drew a bill of exchange on himself, payable at sight at Delmonico & Co.'s in New York. The bill was duly presented and accepted by the respondent, and not being paid, the libellants sued out of this court a warrant of arrest against him for the balance of his passage money, on which, for want of bail, he was imprisoned. A motion was now made in his behalf, to discharge him from arrest, and to dismiss the libel and proceedings as not within the jurisdiction of the court.

H. D. Sedgwick, for respondent, made the following points: (1) A contract for passage money is a personal contract, not within admiralty jurisdiction. Brackett v. The Hercules [Case No. 1,762]; 2 Camp. N. P. 431. (2) Imprisonment for debt is abolished by act of congress. (3) Liens in rem or in personam in maritime courts, are waived by acceptance of a personal or other security, and by taking the bill of exchange in this case, the libellant relinquished his lien, and the contract no longer continues within admiralty jurisdiction. Pritchard v. The Lady Horatia [Case No. 11,438]; Hurry v. The John & Alice [Id. 6,923]; 1 Dod. 283; Murray v. Lazarus [Case No. 9,962]; [Ramsay v. Allegre] 12 Wheat. [25 U. S.] 616; The Nestor [Case No. 10,126]; 2 Hagg. Adm. 136; Leland v. The Medora [Case No. 8,237]; Abb. Shipp. 288; [Peroux v. Howard] 7 Pet. [32 U. S.] 345; 4 Camp. N. P. 150; 2 Marsh. 399; 15 Johns. 276; Riley v. Anderson [Case No. 11,835]. (4) If the waiver was not complete by taking the bill of exchange, the lien is lost from the lapse of time allowed before suit brought. Leland v. The Medora [supra].

Philip Hamilton, for libellant: (1) The affidavit of the respondents on which the motion is founded, does not state that the bill of exchange was taken in satisfaction or discharge of the antecedent debt. It only alleges it as received as security therefor. He cited against the application, Cro. Jac. R. 193; 1 Evans, Poth. 380a, 386; [Ramsay v. Allegre] 12 Wheat. [25 U. S.] 611; 1 Cow. 290; [Harris v. Johnston] 3 Cranch [7 U. S.] 311, 316; Cro. Car. 85; 2 Blackf. 317; [Clark v. Young] 1 Cranch [5 U. S.] 191.

The counsel produced the bill of exchange in court, and declared his purpose to surrender it on the hearing of the cause.

BY THE COURT. The cases cited on the first point do not support the position that admiralty has no jurisdiction of contracts for the transportation of passengers by sea. The case Pritchard v. The Lady Horatia [Case No. 11,438] was a claim set up by the master of a vessel by way of answer, upon the proceeds of wrecked goods brought into port in his vessel. He had agreed to bring to the United States the crew of a wrecked vessel for $20 each, passage money, and he also laded on board his vessel such of the cargo of the wreck as had been saved. This cargo was libelled and condemned for salvage at the suit of that crew, and the master sought to attach a lien upon such salvage interests to satisfy their indebtedness to him for passage. The court decided that no lien existed in his behalf, and that the property condemned was not brought in the ship as the property of the seamen, and was not answerable for their personal contracts. That the money in court, was not of the nature of surplus and remnants on which an independent debt could be fastened.

Judge Hopkinson remarks, in the course of his opinion, that the demand is "strictly a personal contract, not made at sea, nor for any cause cognizable in admiralty." No authority is cited in support of the doctrine, excluding the case from the cognizance of the court for these causes; and the case referred to in 2 Camp. 632, rests upon the opposite principle, for it recognises a contract for the transportation of a passenger, as our giving a lien upon his luggage, and maritime liens arising from services by or to a vessel, are the familiar subjects of admiralty jurisdiction. It is not yet decided, that the method of remedy, in rem or in personam, determines the jurisdiction of the court. But the rule is definitely settled, so far as the courts of this district are concerned, by the decisions of the circuit and district courts, upon the precise point.

It was held in this court, that a passenger had a remedy against the vessel for breach of contract by the master, to bring him and his family from a foreign port to the United States, and could recover back the money advanced on the agreement, and damages for the violation of it. The Zenobia [Case No. 18,208]; The Aberfoyle [Id. 16]. The last case was appealed to the circuit court, and was after a full hearing, affirmed. [Id. 17.] This point was made the essential one on the appeal.

It has also been decided by this court, on full consideration, that the non-imprisonment

acts of the state of New York, as adopted by the acts of congress of February 28, 1839, and January 14, 1841 (5 Stat. 321, 410), do not apply to process issued out of courts of admiralty. The processes of these courts are subject to the regulations of the supreme court, by virtue of the acts of congress of May 8, 1792, § 2, and August 23, 1842 (5 Stat. 518, § 6), and accordingly the rules of the supreme court, adopted pursuant to those acts, are authoritative and conclusive on this subject. Lane v. Buck [Case No. 8,048]; Lockwood v. Pearson [unreported]. Rules 2 and 3 of the supreme court, give parties the right to a warrant of arrest, and to the advantage of bail, to satisfy the final decree rendered in the cause, and the respondent in this case. is properly held in custody, if the libellant has a subsisting right of action in this court. The prospective operation of the act of 1841, is in this respect intercepted by that of 1842.

The third and fourth points raised by the respondent, present the only matters of contestation open before this court in the cause. The jurisdiction of the court over the subject matter may be lost to the party, or be waived by him, by any act of his indicating that this special remedy is relinquished. Taking personal security for the demand, by promissory note or bill of exchange, will be regarded a waiver of the remedy in admiralty and bar proceedings in this court, whilst such security remains outstanding. Murray v. Lazarus [Case No. 9,962]; Ramsay v. Allegre, 12 Wheat. [25 U. S.] 616. But that admiralty has cognizance of the demand in personam, is distinctly implied in that case, and is explicitly decided in that of The General Smith, 4 Wheat. [17 U. S.] 438, Peroux v. Howard, 7 Pet. [32 U. S.] 324, and that it was intended so to settle the doctrine, is made certain by the remarks of Judge Story, speaking for the court, in Andrews v. Wall, 3 How. [44 U. S.] 572, 573.

On the argument of the motion, the advocate for the libellant produced the bill of exchange, and declared his purpose to deliver it up on the hearing of the cause. This is a sufficient compliance with the principle embodied in the cases, to prevent the respondent avoiding the action by this preliminary motion. It is further noticeable, that the affidavit of the respondent does not aver that the bill was drawn by the agent of the ship at Havre or that he accepted it as a satisfaction of the demand. The implication therefore is that it was but a liquidation of the demand, and a memorandum of the time it was payable, and not intended by the parties to be made a security for the debt.

The jurisdiction of the court in personam, in matters of contract, has no connection with the question of lien. The party is proceeded against upon his personal liability by process of arrest or citation. This remedy, if suspended by taking a bill or note, is restored to the creditor, when the debtor is released of the hazard of having negotiable paper in circulation against him, by its being surrendered him or produced in court and cancelled.

The motion to dismiss the libel is accordingly denied, and the respondent must be put to his defence to the action. The costs will abide the final result of the suit. Decree accordingly.